LOÍZA SUGAR CO., PLAINTIFF AND APPELLEE, *v.* HERNAIZ ET AL., DEFENDANTS (ALBANDOZ, APPELLANT.)

APPEAL from the Second District Court of San Juan in an Action for Acknowledgment of Servitude.

No. 2885.—Decided March 25, 1924.

INJUNCTION—AFFIDAVIT.—To state in the affidavit to a petition for an injunction that the facts alleged are known to the affiant of his own personal knowledge is equivalent to affirming that they are true.

ID.—PLEADING.—It is not necessary to allege in exact words that "the party is without an adequate remedy in law" in petitioning for an injunction if the facts alleged in the petition lead to that conclusion.

ID.—IRREPARABLE DAMAGES.—The word "irreparable" has acquired in the law on injunctions a meaning perhaps not in full harmony with its etymology or literal meaning. There are damages incapable of being repaired that a court of equity will not consider as irreparable. On the other hand, some damages that can be repaired will be considered as irreparable if the person causing or threatening to cause them is insolvent or can not answer in damages. According to its general use the word means something that can not be repaired, restored, compensated adequately with money, or that the compensation can not be exactly estimated.

ID.—ID.—When irreparable damage is spoken of it is not meant that it is impossible to repair the damage or to compensate it in an action for damages, but that the same will be of such constant and frequent repetition that no adequate or reasonable relief can be obtained in a court which administers justice according to the law.

ID.—RESTRAINING ORDER—DISCRETION OF COURT.—The granting of a restraining order lies in the discretion of the court, which should be exercised in favor of the party who might be most prejudiced.

The facts are stated in the opinion.

*Mr. P. Amado Rivera* for the appellant.

*Mr. E. Acuña* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Petition for a preliminary injunction. After filing the complaint in an action for the acknowledgment of a servitude brought against Luis Hernaiz and José Albandoz, the Loíza Sugar Co., the plaintiff, moved the court for an order restraining the defendants from interfering with the plaintiff in the use of a railroad that the plaintiff had constructed over the lands of the defendants for the transportation of sugar cane. The court sustained the motion and set a day for hearing the parties. Thereupon defendant Albandoz filed a motion for the dismissal of the petition. The court overruled that motion and after hearing the parties and the evidence granted the preliminary injunction prayed for and fixed the amount of the bond to be given by the plaintiff.

Defendant Albandoz appealed to this court and assigned seven errors in his brief.

In arguing the first assignment the appellant contends that the petition for the injunction should have been denied (*a*) because it was not duly verified, and (*b*) because it did not state facts sufficient to determine the right of the petitioner to the relief prayed for.

The pertinent parts of the affidavit read as follows:

"That I have read the preceding petition for an injunction and know its contents, and that the facts alleged in paragraphs 1, 2, 3, 5, and 6 are known to me of my own personal knowledge, the facts alleged in paragraph 4 being known to me on information received from persons whom I consider truthful."

The appellant alleges that the affidavit does not comply with the requirements of section 118 of the Code of Civil Procedure, because the affiant does not swear *that the allegations are true.*

The appellee alleges that although the affidavit does not follow the wording of the statute, it complies with its requirements. The appellee is right, in our opinion, for the statement of the affiant that the facts *are known to him* is equivalent to saying that they are true, as required by the statute. The Spanish word (*constar*) used to signify "known to" is from the Latin word *constare* and is defined by the dictionaries as meaning *to be true and evident*. Notwithstanding the conclusion reached, we desire to say that the best practice is to follow the language of the statute in order to avoid delays and difficulties.

The lack of facts alleged by the appellant consists in that the petition does not aver that the petitioner is without an adequate remedy in law, and in that irreparable damage does not result from the facts stated.

In the petition for an injunction it was alleged succinctly that the plaintiff was the owner of the sugar factory and of a railroad system for the transportation of sugar cane to the factory; that the defendants were the owners of a certain property over which the plaintiff's railroad was constructed in 1893 under a contract duly entered into with the former lessees and ratified by the present owners of the said property; that on a certain date one of the defendants objected to the operation of the railroad and prevented the plaintiff from hauling approximately 1,500 tons of sugar cane ready to be ground, and that the transportation of the said sugar cane "by any other route could be done only with considerable increase in the cost of hauling, great delay and serious loss in the amount and condition of the said sugar cane, all of which will cause necessarily considerable damage to the petitioner, the compensatory amount of which is very difficult to estimate, assuming that such compensation would afford adequate relief."

It is not necesasry to allege literally that "the party is without an adequate remedy in law" in petitioning for an

injunction, if the facts alleged in the petition lead to that conclusion. In our opinion such.is the case here, especially as the injunction is petitioned for as incidental to an action and it being apparent that the continuation of the act sought to be enjoined would cause irreparable damages within the meaning of that word in jurisprudence during the pendency of the suit.

"The term 'irreparable' has acquired in the law of injunctions a meaning which, perhaps, is not quite in keeping with the derivation of the word or its literal signification. There are injuries incapable of being repaired which a court of equity does not regard as irreparable. And, on the other hand, there are injuries that may be repaired which it will, nevertheless, treat as irreparable, if the person inflicting or threatening them be insolvent or unable to respond in damages. As ordinarily used the term means that which cannot be repaired, restored, or adequately compensated for in money, or where the compensation cannot be safely measured." 14 R. C. L. 346.

"When irreparable injury is spoken of, it is not meant that the injury is beyond the possibility of repair, or beyond the possibility of compensation in damages, but it must be of such constant and frequent occurrence that no fair or reasonable redress can be had therefor in a court of law." 6 Encyc. of U. S. Sup. Ct. Rep. 1041–3.

The other assignments refer to the admission and weighing of the evidence. A clear statement and thorough discussion of it would lengthen this opinion unnecessarily. It raises only one question really worthy of consideration, and that is the duration of Hernaiz & Co., with whom the contract for the construction of the railroad was entered into or by whom it was ratified, but as its decision perhaps would prejudge the final decision of the action, we shall refrain from considering it. The whole matter shows conclusively that the district court did not abuse its discretional power, and it is known that the granting of a *temporary injunction* lies within the sound discretion of the court, which should be exercised in favor of the party who might be the most injured. *Morfi* v. *Fajardo Development Co.,*

17 P. R. R. 766. There is no doubt that the party most affected in this case was the plaintiff, which, while paying the price agreed upon for the right of way, was prevented suddenly from operating its railroad, as it had been doing for years during the grinding season, and from hauling the sugar cane to its factory. If it should be decided finally that the plaintiff has no right, the bond given by it will answer for the damages that the defendants may have sustained.

It seems proper to add that defendant Hernaiz took no part in the action and did not appeal from the order granting the injunction, and that the other defendant, the appellant, in discussing some of the errors assigned, insists in claiming that the writ should not have been issued because it was not proved that Hernaiz objected to the operation of the railroad.

By virtue of all of the foregoing the order appealed from must be

*Affirmed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.